# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JARROD WILLIAM MESSER,

      Petitioner,
                           Case No. 1:09-cv-200

  -vs-                        District Judge Sandra S. Beckwith
                                Magistrate Judge Michael R. Merz

WARDEN, London Correctional Facility,

      Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Jarrod Messer brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction on his plea of no contest to one count of attempting to engage in a pattern of corrupt activity. Petitioner pleads one ground for relief:

> Petitioner, Messer, was denied his Due Process and Equal Protection of the law rights under the Fifth, and 14th Amendment of the United States Constitution , when the State trial court violated the Petitioners Statutory Rights to a fast and speedy trial within 270 days under statute § 2945.71, by overruling the Petitioners Motion to Dismiss because of this violation of these statutory rights.

(Petition, Doc. No. 1, at 4.)

On September 22, 2004, Mr. Messer was indicted by the Clermont County grand jury on one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1). *State v. Messer*, 2007 Ohio 5899, ¶ 2, 2007 Ohio App. LEXIS 5181 (Ohio App. 12th Dist. Nov. 5, 2007). A warrant was issued on the indictment, but not immediately served; it was entered into the National Crime Information Center database sometime between the indictment and the original date

-1-

set for arraignment, September 30, 2004. *Id.*

Sometime in November, 2004, Petitioner's counsel notified Clermont County officials that Petitioner was already incarcerated on other charges. *Id.* at ¶ 3.

> Appellant was arrested on the present indictment on December 15, 2004. The case was continued a number of times, at appellant's request. On July 28, 2005, appellant filed a motion to dismiss the indictment on speedy trial grounds. The motion was heard on August 3, 2005. In a decision issued on August 11, 2005, the trial court overruled appellant's motion. That same day, appellant pled no contest to an amended charge of attempted engaging in a pattern of corrupt activity under R.C. 2923.02(A) and 2923.32(A)(1).

*Id.* On direct appeal, Mr. Messer raised one assignment of error:

> The trial court committed prejudical [sic] error by not dismissing the R.I.C.O. charge for violation of appellant's speedy trial rights protected by Article I, Section 10 of the Ohio Constitution, the Sixth Amendment of the Constitution of the United States and/or Ohio Revised Code Section 2945.71.

In deciding this assignment of error, the Court of Appeals understood it was faced with both statutory and constitutional speedy trial challenges. In deciding the statutory claim, the court noted that there were seven predicate offenses that formed the basis of the RICO charge:

> The RICO charge in this case was based upon seven predicate offenses, which appellant committed on the following respective dates: June 7, 2002 (aggravated possession of drugs); June 16, 2002 (receiving stolen property); July 15, 2002 (aggravated possession of drugs); November 24, 2002 (receiving stolen property); November 25, 2002 (receiving stolen property); January 11, 2003 (felonious assault); and April 23, 2003 (receiving stolen property).

*State v. Messer*, 2007 Ohio 5899, ¶ 18, 2007 Ohio App. LEXIS 5181 (Ohio App. 12th Dist. Nov. 5, 2007). The Court of Appeals recognized the applicability of *State v. Adams,* 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989), the case on which Petitioner principally relies. *Id.* at ¶ 13. However, it held that the State "did not know all the facts necessary for the RICO charge when the indictments for

-2-

the predicate offenses were issued." *Id.* at ¶ 18.

In his Traverse, Petitioner repeatedly asks the question how it could be that the State did not know all of the necessary facts for the RICO indictment at least by the time its indicted him for the April 23, 2003, receiving stolen property offense. (Traverse, Doc. No. 10, at 2-8.) Instead, the State waited more than a year from that date to obtain the RICO indictment. Since this is more than 270 days, Petitioner argues it is a clear violation of Ohio Rev. Code § 2945.71 and the indictment should have been dismissed with prejudice under the *State v. Adams, supra*.

Whether or not the Clermont County authorities violated Ohio Rev. Code § 2945.71 is a question of Ohio **state** law. Federal habeas corpus is available only to correct **federal** constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991).

The fact that Ohio Rev. Code § 2945.71 and the Speedy Trial Clause of the Sixth Amendment to the United States Constitution are both about giving criminal defendants a speedy trial does not mean that defendants have the same rights under these two different provisions of law. Even if this Court were to find that the Ohio courts violated Ohio Rev. Code § 2945.71 in this case[1], it could not find that the State of Ohio thereby violated the Sixth Amendment. And this Court does

---

[1]The Magistrate Judge does not mean to imply that there is a violation of *Adams* here. The Ohio Supreme Court, which had supervisory authority over the courts of appeal, was offered a clear opportunity to take this case and enforce its own interpretation of *Adams* if it thought the Court of Appeals was wrong. It did not do so.

not have the authority in a habeas corpus case even to consider whether the state courts correctly interpreted state law.

Failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result on the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir.1993).

In addition to his claim under Ohio Rev. Code § 2945.71 and *Adams*, Petitioner also presented a federal constitutional claim to the Ohio courts, to wit, that his federal speedy trial rights under the Sixth Amendment were violated. He does not repeat that argument here; his Ground for Relief mentions only the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments. By arguing the Sixth Amendment claim in the state courts, Mr. Messer has preserved it for presentation in federal court and could have explicitly included it in his Petition if he had wished to do so.

However, Mr. Messer is a *pro se* litigant and therefore entitled to have his Petition liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Not considering the Sixth Amendment claim at this point would probably lead to delay, since Petitioner would probably move to amend to add that claim. In the Return of Writ, Respondent treats the Sixth Amendment claim as raised and argues it (Return, Doc. No. 9, at 11 et seq.). The Magistrate Judge will therefore treat the Petition as having made a Sixth Amendment claim and proceed to consider the merits of that claim.

In deciding Petitioner's Sixth Amendment claim, the Court of Appeals wrote as follows:

> {¶6} In challenging the trial court's refusal to dismiss the RICO charge on speedy trial grounds, appellant raises two issues for our review. First, appellant argues that the trial court erred in failing to allow credit for the time running on the previously indicted charges when, according to appellant, the RICO charge was based on the same sets of facts which gave rise to the prior charges. Second, appellant contends that the trial court erred in failing to allow credit for the time running after the indictment on the RICO charge.
>
> {¶7} Appellate review of speedy-trial issues involves a mixed question of law and fact. *State v. High,* 143 Ohio App.3d 232, 242, 2001 Ohio 3530. A reviewing court must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case. Id.
>
> {¶8} Both the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. *State v. Baker,* 78 Ohio St.3d 108, 110, 1997 Ohio 229. In order to determine whether this constitutional right has been violated, a court should weigh the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant as a result of the delay. *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182.
>
> {¶9} Applying the above factors to this case, we find no deprivation of appellant's constitutional speedy trial rights. Courts reviewing post-accusation delay have considered delays from the date of indictment to the date of arrest as well as from the date of indictment or arrest to the date of trial. See, e.g., *State v. Webb*, Washington App. No. 01CA32, 2002 Ohio 3552, ¶25; State v. Carter (Apr. 1, 1998), Lorain App. No. 97CA006703, 1998 WL 150380, at \*3. The 84-day delay between appellant's indictment and arrest, occasioned by the state's inability to locate appellant, was not presumptively prejudicial. See, e.g., *State v. Miller,* Franklin App. No. 04AP-285, 2005 Ohio 518, ¶12 (76-day delay not presumptively prejudicial); Webb at ¶26 (186-day delay not presumptively prejudicial). The entry of continuance stated that the matter was continued until appellant was located for service of the warrant on indictment, and that the speedy trial time was tolled as a result. The state checked a computerized databank to see if appellant was incarcerated. The state

also entered the warrant into the NCIC and sent a teletype notification to the jurisdiction at appellant's last known address. The state was reasonably diligent in attempting to notify appellant of the pending charge, and the speedy trial time was tolled as a result of appellant's unavailability. *State v. Selvage*, 80 Ohio St.3d 465, 469, 1997 Ohio 287. See, also, *State v. Packard* (1988), 52 Ohio App.3d 99, 101 ("The sheriff's department could not and should not be expected to initiate a multiple-county or statewide dragnet to track down one individual[.]")

{¶10} As for post-arrest delay, the time lapse between appellant's arrest and his no contest plea on August 11, 2006, the same day as the trial court decision denying appellant's motion to dismiss, was 604 days. Because this exceeds one year, the delay was presumptively prejudicial and the remaining *Baker* factors must be addressed. *Selvage* at 468, citing *Doggett v. United States* (1992), 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L. Ed. 2d 520 (providing "courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year").

{¶11} A review of the record reveals that the delays in the case resulted almost entirely from appellant's numerous requests for continuances, changes in counsel, and requests for discovery. The record documents that appellant waived his speedy trial rights each time these continuances were granted. In addition, appellant's counsel filed a "blanket" speedy trial waiver on May 26, 2005. This waiver was not revoked until appellant filed his motion to dismiss the indictment on speed trial grounds on July 28, 2006. *State v. Masters*, Crawford App. No. 3-06-20, 172 Ohio App. 3d 666, 2007 Ohio 4229, ¶26. Under such circumstances, we find no prejudice to appellant where he caused most of the delay and continually waived his speedy trial rights. Appellant's constitutional right to a speedy trial was therefore not violated.

*State v. Messer*, 2007 Ohio 5899, ¶¶ 6-11, 2007 Ohio App. LEXIS 5181 (Ohio App. 12th Dist. Nov. 5, 2007).

When a habeas petitioner's constitutional claim has been decided by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") requires federal courts to defer to those rulings unless they are objectively unreasonable.

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). As the Court of Appeals concluded, most of the post-indictment delay in this case was caused by Petitioner's changes of attorney, requests for continuance, and requests for discovery. Moreover, Petitioner signed a waiver of speedy trial each time a continuance was granted, as well as a blanket speedy trial waiver. *State v. Messer*, 2007 Ohio 5899 at ¶ 11, 2007 Ohio App. LEXIS 5181 (Ohio App. 12th Dist. Nov. 5, 2007). Petitioner denies that this is so and also denies that continuance entries were ever made extending the time (Traverse, Doc. No. 10, at 2.) However, the Respondent has supplemented the record with copies of those continuance entries and waivers of time which belie Petitioner's denial and support the Court of

Appeals' finding (Doc. No. 11). Given those facts, the Court of Appeals application of *Barker v. Wingo* was not objectively unreasonable.

In fact, Petitioner accuses the State of trying to mislead the Court into focusing on time after indictment and arrest rather than the time before (Traverse, Doc. No. 10, at 2.) Instead, Petitioner says the relevant time is ninety days[2] from the last predicate offense (April 23, 2003). As noted above, all of Petitioner's focus is on the pre-indictment delay. The Ohio Court of Appeals also applied the *Barker v. Wingo* analysis to the post-indictment/pre-arrest delay. *State v. Messer*, 2007 Ohio 5899 at ¶ 9, 2007 Ohio App. LEXIS 5181 (Ohio App. 12th Dist. Nov. 5, 2007). Petitioner wishes this Court to focus on the pre-indictment delay, but the length of the delay for Sixth Amendment speedy trial purposes is measured from the earlier of the date of the indictment or the date of the arrest. *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992), but here the delay was only 84 days and the Court of Appeals found the Clermont County authorities were diligent in attempting to locate Petitioner.

In essence, Petitioner seeks to convert the Speedy Trial Clause into a speedy accusation clause, a sort of federal constitutional statute of limitations. As far as this Court is aware, the Supreme Court has never interfered with the power of a State to set statutes of limitations or to abolish them altogether for certain offenses. At least in this case there is no clearly established federal law which would make the indictment here untimely.

Petitioner also argues that the reason he was eventually indicted under the Ohio R.I.C.O.

---

[2]Presumably Petitioner argues 90 rather than 270 because he was incarcerated at the time he was indicted and may have been incarcerated, albeit on other charges, as of April 23, 2003.

statute was because he had filed a lawsuit against local officials (Traverse, Doc. No. 10). No such claim was ever made in the Ohio courts so far as has been called to this Court's attention, nor would such a claim state a basis for federal habeas relief.

**Conclusion**

For the foregoing reasons, the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

March 16, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).